UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 1:01-CR-93-TS |
| ) | |
| TODD ANDREWS ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant, Todd Andrew's, *pro se* request for the Court to reduce his sentence upon consideration of his post-conviction conduct and the sentencing factors set forth in 18 U.S.C. § 3553(a) [DE 249].

**BACKGROUND**

The Defendant was charged on December 17, 2001, in a two-count Indictment with armed bank robbery (18 U.S.C. § 2113(a) and (d)) and carrying and using a firearm during or in relation to a crime of violence (18 U.S.C. § 924(c), or aiding and abetting the same (18 U.S.C. § 2). The government prosecuted the Defendant under an aiding and abetting theory.

On May 20, 2004, a jury found the Defendant guilty of both counts of the Indictment. On March 29, 2005, the Court sentenced the Defendant to 57 months imprisonment on Count I. For Count II, the Court imposed the statutory mandatory minimum sentence of 7 years, to run consecutive to the term imposed for Count I. The Court also ordered restitution.

The Defendant timely appealed, and the Seventh Circuit affirmed the decision of the district court in a published opinion, *United States v. Andrews*, 442 F.3d 996 (7th Cir. 2006).

On November 7, 2006, the Defendant filed a petition pursuant to 28 U.S.C. § 2255 and memorandum in support. On June 15, 2007, the Court issued an Opinion and Order denying the

Defendant's habeas petition. The Defendant did not appeal the Court's order of dismissal.

On November 29, 2007, the Defendant moved the Court to reconsider his sentence. The Defendant asks that the Court reduce his sentence from 57 months to 41 months imprisonment on Count I. In support of his request, the Plaintiff points to mitigating factors that the Court recognized during his sentencing, and presents that he has embraced the rehabilitation process since his imprisonment. On March 13, 2008, the government filed a response in opposition to the Defendant's requested relief. The government argues that the request is a successive habeas petition that must be dismissed for lack of jurisdiction because the Defendant did not obtain approval from the court of appeals.

## DISCUSSION

This Court cannot grant the Defendant any relief on the basis of his request for a sentence reduction. Section 3582(c) of Title 18, United States Code, is the means by which a district court may modify a legally-imposed sentence. Under that section, a court may not modify a term of imprisonment once it has been imposed, except in certain circumstances that are not present in this case. Section 3582(c) provides three avenues for modification of a sentence: (1) upon motion of the Director of the Bureau of Prisons where special circumstances exist; (2) if expressly permitted by statute or by Rule 35 of the Rules of Criminal Procedure; and (3) if a sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Rule 35, in turn, authorizes a district judge to modify a sentence within seven days of its imposition to correct a technical error, or on the prosecutor's motion to reward substantial assistance rendered after the sentence has been imposed. Neither of the circumstances of Rule 35

pertains to the Defendant.

The Defendant cites to 18 U.S.C. § 3553 as a basis for relief. But that statute does not provide a jurisdictional basis for the court to consider his post-sentencing rehabilitative efforts. Neither does § 3553 purport to apply to the alteration of a sentence, as opposed to the imposition of a sentence. *See* 18 U.S.C. § 3553(a) (prescribing the factors that a court should consider "in imposing a sentence"). The Defendant's sentence has already been imposed and the time for the consideration of § 3553 factors has passed.

A person serving a sentence under a judgment imposed by a federal court may collaterally attack a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Defendant has already collaterally attacked his sentence pursuant to 28 U.S.C. § 2255 without success, and has not identified his current motion as being a habeas petition.

The government, in its response to the Defendant's request, "construes it as a successive 28 U.S.C. § 2255 petition in disguise." (Govt. Resp. DE 251 at 2.) The government argues that because the Defendant did not obtain certification from the court of appeals before filing his second petition, it should be dismissed for lack of jurisdiction. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (explaining that court of appeals' authorization for second or successive petition is, from the district court's perspective, an allocation of subject-matter jurisdiction to the court of appeals).

It is true that any post-judgment motion in a criminal proceeding that fits the description

3

of a motion to correct a sentence as set forth in § 2255 should be treated as a request for relief under that statute. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). And the substance of a motion, not its caption, determines whether it should be construed as a collateral attack. The Court need not decide whether the Defendant's request for sentence modification meets the definition of a successive collateral attack because the Court does not have jurisdiction over the subject matter under any reasonable construction of the motion. If it is a second petition under § 2255, the district court lacks subject matter jurisdiction because the Defendant did not seek or obtain certification from the court of appeals. If the motion does not require court of appeal authorization, there is still no congressional grant of authority for the requested relief. *See United States v. Smith*, 438 F.3d 796, 799–800 (7th Cir. 2006) (noting that § 3582(c) limits the substantive authority of the district court and is intended to block post-sentencing modifications by the court); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (stating that "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so"). Section 3582(c) is the "sort of limit that must be respected." *Smith*, 438 F.3d at 799.

The Defendant's motion must be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Defendant's motion for reduction of sentence [DE 249] is DISMISSED for lack of subject-matter jurisdiction.

SO ORDERED on May 6, 2008.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT