UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:01-CR-93-TS |
| | ) | |
| TODD ANDREWS | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Todd Andrews's Motion for Relief From Mandatory Restitution Judgment [ECF No. 255], filed on September 15, 2010. The Defendant's sentence upon his conviction for aiding and abetting armed bank robbery included restitution in the amount of $119,260. The Judgment stated that the Defendant "shall make restitution payments from wages he may earn in prison according to the Bureau of Prisons Financial Responsibility Program [IFRP]." (March 31, 2005, J., ECF No. 214.) The Defendant contends that the Bureau of Prison (BOP) has relied on the judgment to mandate his participation in the IFRP. The Defendant argues that because his sentence illegally mandates participation in the IFRP it must be vacated and a new sentence imposed.

This case falls squarely under the Seventh Circuit's recent holdings in *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), and *United States v. Munoz*, 610 F.3d 989, 997 (7th Cir. 2010), in which the court made clear that the IFRP is a voluntary program and that a district court does not have the authority to order a defendant's participation, *Boyd*, 608 F.3d at 335; *Munoz*, 610 F.3d at 997. A court commits error when it includes language in the judgment that the defendant "shall" participate in the IFRP, and such an order cannot be enforced as written. *Boyd*, 608 F.3d at 334–35. The straightforward solution to such an error is to modify the judgment to clarify that the Defendant's participation in the IFRP is voluntary. *Id.* at 335 (stating

that a simple modification in the district court's sentence would suffice to correct the error where there was no indication that the judge linked participation in the IFRP to other aspects of the sentence); *Munoz*, 610 F.3d at 997 (same); *United States v. Bedoya*, 2010 WL 3522062, at *1 (7th Cir. Sept. 9, 2010) (stating that the issue created by the inclusion of mandatory participation language in the judgment was "straightforward and easily remedied" and that the court would "modify the district court's judgment to clarify that [the defendant's] participation in the IFRP is voluntary").

The Defendant argues that the Court did link his participation in the IFRP to other aspects of his sentence, particularly to his supervised release, when it ordered that any portion of the restitution that was not paid in full at the time of his release would become a condition of supervision. He also adds that the sums are substantial, apparently suggesting that it would not be appropriate for the Court to simply modify the judgment without reconsidering his entire sentence. The Court does not agree and finds that modifying the Judgment to clarify that the Defendant's participation in the IFRP is voluntary is sufficient to address the error in the Judgment by this Court on March 31, 2005.

Because the Defendant was unable to pay the restitution amount immediately, the Court instituted a payment schedule that would take effect upon his release from imprisonment and placement on supervised release. This was proper and did not link his participation in the IFRP to a more favorable term of supervised release. *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008) (holding that when a defendant cannot pay restitution in full at once, the schedule a court must set for payment should not begin until after the defendant's release from prison and that "[p]ayments until release should be handled through the [IFRP] rather than the court's

auspices"). Regardless of whether the Defendant earns any wages while in prison or participates in the IFRP, any amounts that remained due upon his release will become a condition of supervision. Prior to that, while he is still incarcerated, the BOP remains in the best position to determine his ability to pay. Thus, the mandatory participation language did not alter the terms of his supervision, did not impact the reasonableness of the Defendant's sentence, and does not require that he receive a new sentence. Neither was the amount of restitution linked to his participation in the IFRP. The Court's ability to adequately address the error regarding his participation in the IFRP through modification of the Judgment is not impacted by the amount of the restitution.

The Defendant asserts that the BOP has "illegally" taken money from his inmate account over his objection. (Mot. 2–3, ECF No. 255.) The Court notes that, even after a modification of his sentence, it will have no authority to adjust any payment schedule set by the BOP. *Sawyer*, 521 F.3d at 794 (holding that a sentencing judge is not authorized to override the BOP's exercise of discretion in setting payments under the IFRP). If the Defendant is still dissatisfied with the decision of the Bureau of Prisons with respect to his participation, his recourse is through an internal appeal or through a limited judicial review of the BOP's final decision that may be available under the Administrative Procedures Act, *see* 5 U.S.C. § 702. *Id.* at 794–95.

For the foregoing reasons, the Defendant's Motion for Relief from Mandatory Sentencing Judgment [ECF No. 255] is GRANTED IN PART and DENIED IN PART. An amended judgment will reflect that the Defendant's participation in the IFRP is voluntary.

SO ORDERED on October 18, 2010.

            s/ Theresa L. Springmann
            THERESA L. SPRINGMANN