# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:01-CR-93-TS |
| | ) | |
| TODD ANDREWS | ) | |

## OPINION AND ORDER

The Defendant's sentence upon his conviction for aiding and abetting armed bank robbery included restitution in the amount of $119,260. Recently, and in accordance with *United States v. Boyd*, 608 F.3d 331 (7th Cir. 2010), the Court amended the Defendant's Judgment to reflect that his participation in the Bureau of Prisons Financial Responsibility Program (IFRP) is voluntary and not mandated by the Court. (Third Amd. J., ECF No. 261.) The Defendant now requests that his judgment be further modified to order that payment of restitution not begin until after his release from prison. (Pet. to Modify J., ECF No. 262.) The Defendant wants the Bureau of Prison (BOP) to cease taking his prison earnings for restitution payments so that he can instead save money, which he contends will aid in his reintegration to society upon his release.

As part of the Defendant's sentence, the Court ordered restitution due immediately. This was proper. *See* 18 U.S.C. § 3664(f)(3) (A), (B) (allowing a court to order the defendant to make a single lump-sum payment, reasonable periodic payments, or nominal periodic payments); *United States v. Hosking*, 567 F.3d 329, 336 (7th Cir. 2009) (stating that § 3572, which is incorporated by § 3664, creates a preference for immediate payment). However, because the Defendant was unable to pay the restitution amount immediately, the Court instituted a payment schedule that would take effect upon his release from imprisonment and placement on supervised release. This was also proper. *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008)

(holding that when a defendant cannot pay restitution in full at once, the schedule a court must set for payment should not begin until after the defendant's release from prison and that "[p]ayments until release should be handled through the [IFRP] rather than the court's auspices"). The Defendant has presented no basis or authority to challenge the restitution order.

For the foregoing reasons, the Defendant's pro se Petition to Modify Judgment [ECF No. 262] is DENIED.

SO ORDERED on January 3, 2011.

                                               s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT